UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PENNY JEAN LEDLIE,

Plaintiff,

v. Case No. 8:25-cv-02572-AEP

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.
_________________________________/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A. Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 204–08). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 74–78, 80–83). Plaintiff then requested an administrative hearing (Tr. 84–85). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 27–50). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied

Plaintiff's claims for benefits (Tr. 7–26). Subsequently, Plaintiff requested review by the Appeals Council, which denied the request (Tr. 1–6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1970, claimed disability beginning February 15, 2021 (Tr. 207). Plaintiff obtained a high school education by completing a GED (Tr. 252). Although Plaintiff had past work experience as a cashier, hotel front desk clerk, and restaurant hostess (Tr. 252–53), her work does not qualify as past relevant work (Tr. 19). Plaintiff alleged disability due to neck pain, herniated discs in the lumbar spine, pain in the lumbar spine, depression, and headaches (Tr. 251).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2025, and had not engaged in substantial gainful activity since February 15, 2021, the alleged onset date (Tr. 12). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: spine disorder, depression, and anxiety (Tr. 12). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 13). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform medium work as defined in 20 CFR 404.1567(c) except that she can never climb ladders, ropes, or scaffolds; can

occasionally climb ramps or stairs; can frequently stoop, crouch, kneel, or crawl; can occasionally use moving machinery and be exposed to unprotected heights; and can perform work with simple tasks, two-hour blocks of time with normal rest breaks during an eight-hour work day (Tr. 14). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were inconsistent with the medical evidence and other evidence (Tr. 15).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff had no past relevant work (Tr. 19). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a hand packager, machine packager, and dining room attendant (Tr. 20). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 20).

## II.

To be entitled to benefits, a claimant must be disabled, meaning they must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or

mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform their past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of their prior work, step five of the evaluation requires the ALJ to determine whether the claimant can perform other work in the national economy, in view of their age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply when an individual's medical condition is severe enough to prevent them from returning to their former employment but not to prevent them from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules appended to the regulations and commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings,

no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law or to provide the reviewing court with sufficient reasoning to determine that they have conducted the proper legal analysis mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

## III.

Plaintiff argues that the ALJ erred by failing to account for the "total limiting effects" of Plaintiff's impairments, setting his opinion against those of three SSA experts who reviewed the file or examined her, resulting in a decision that is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ failed to properly evaluate the prior administrative medical findings, opinion evidence, and Plaintiff's statements. Before turning to the specific issues Plaintiff raises on appeal, she first makes general arguments about the "global defects" in the ALJ's opinion. Plaintiff highlights what she calls the "breathtakingly conclusory nature"

of the ALJ's findings and the ALJ's "lay analysis of raw medical data" (Doc. 12, at 12–14). Plaintiff then notes that the ALJ failed to acknowledge the highly variable nature of Plaintiff's impairments. The Court will address each of these "global defects" as they are raised within Plaintiff's specific assignments of error. For the following reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

**A. State Agency Administrative Findings**

Plaintiff first argues that the ALJ improperly rejected the opinions of both State Agency reviewers by pointing to "a generally inconsistent record that included some normal and abnormal findings" (Doc. 12, at 15). Defendant argues that the State Agency medical consultants' prior administrative medical findings support a conclusion that Plaintiff was not disabled, and the ALJ properly evaluated the persuasiveness of those findings under the relevant regulations.

Adjudicators do not defer to any medical opinion or prior administrative findings. 20 C.F.R. § 404.1520c(a). Rather, ALJs evaluate the persuasiveness of the medical opinion or prior administrative finding using five factors: supportability, consistency, relationship with the claimant, specialization, and other factors. *Id.* § 404.1520c(c)(1)–(5). Supportability and consistency are the most important factors, and the ALJ must explain how they were considered in the determination or decision. *Id.* § 404.1520c(b)(2). "Supportability" refers to the relevance of the objective medical evidence and supporting explanations offered by a medical source in support of their opinions. *Id.* § 404.1520c(c)(1). "Consistency" refers to how

consistent the statement is with the evidence from other medical and nonmedical sources in the claim. *Id.* § 404.1520c(c)(2).

Here, the ALJ considered prior administrative findings at the initial and reconsideration level that determined that Plaintiff was limited to light work with additional limitations (Tr. 19). The ALJ found these determinations unpersuasive because "they are inconsistent with the evidence" (Tr. 19). The ALJ noted that, except one occasion, Plaintiff consistently had normal gait, strength, and sensation, was never in any acute distress, and has not required any surgery, emergency room visits, or hospitalizations for pain since the alleged onset date (Tr. 19).

The ALJ's evaluation of the prior administrative findings properly addresses the "consistency" factor by comparing the opinions to other record evidence that contradicts the State Agency consultants' determinations. The ALJ does not, however, discuss the "objective medical evidence and supporting explanations presented by" the Stage Agency consultants and therefore does not properly address the "supportability" factor. 20 C.F.R. § 404.1520c(c)(1). While this was error, the Court finds that it was harmless. "A harmless error—that is, one that does not affect the ALJ's ultimate decision—does not constitute a ground for reversal." *Sarli v. Berryhill*, 817 F. App'x 916, 917 (11th Cir. 2020) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)). As Defendant correctly notes, even if the ALJ had found the prior administrative medical findings persuasive, the ALJ would still have reached a finding that Plaintiff was not disabled because the State Agency medical consultants' findings were the basis for the Commissioner's conclusion that Plaintiff

was not disabled at the initial and reconsideration levels. Accordingly, the ALJ's evaluation of the prior administrative medical findings is not a ground for remand.

**B. Dr. Mheir's Consultative Examination Opinion**

Plaintiff next argues that the ALJ's evaluation of Dr. Mheir's opinion constituted error. Plaintiff incorporates her arguments that she claims are "global defects" in the analysis and adds three more: the ALJ finding Dr. Mheir's opinion unpersuasive despite stating that the opinion had "some support"; the ALJ noting that Dr. Mheir only examined Plaintiff on one occasion; and the ALJ asserting that Dr. Mheir's opinion was based primarily on Plaintiff's statements. Defendant argues that the ALJ articulated sufficient support for finding Dr. Mheir's opinion unpersuasive.

Dr. Mheir "opined that the claimant could sit frequently (3-5) hours, stand occasionally (few seconds to 3 hours), walk occasionally (few seconds to 3 hours), and lift and carry 10 pounds frequently (3-5 hours) (Exhibit 5F)" (Tr. 18). In finding this opinion unpersuasive, the ALJ explained that "[a]lthough his limitations find some support in his examination findings, he appears to have based his limitations primarily on the claimant's subjective reports. Moreover, he only examined the claimant on one occasion, and his findings are inconsistent with the other evidence, which shows normal gait, strength, and sensation" (Tr. 18–19).

The Court finds that the ALJ's evaluation of Dr. Mheir's opinion is supported by substantial evidence. First, Plaintiff's argument seems to imply that the ALJ could not find a medical opinion unpersuasive while conceding that it has

"some support." As Defendant correctly notes, Plaintiff does not provide any authority for that proposition. Supportability and consistency are distinct factors that must be considered under the regulations. *See* 20 C.F.R. § 404.1520c(b)(2). Here, the ALJ properly addressed the "supportability" factor, although briefly, by noting that Dr. Mheir's examination findings offer some support for his opinion and explaining that the fact that Dr. Mheir's findings appeared to have been passed primarily on Plaintiff's subjective reports (Tr. 18). Plaintiff argues that the ALJ's rationale is "entirely speculative," but Defendant correctly notes that Dr. Mheir's report specifically states that "[t]he information in this document is based on the information given to me from the patient" (Tr. 398).

Further, the other factors that the ALJ articulated support his finding that Dr. Mheir's opinion is unpersuasive despite conceding that it is at least somewhat supported. The ALJ properly evaluated the "consistency" factor by noting other record evidence that demonstrates Plaintiff has normal gait, strength, and sensation (Tr. 19 (citing Tr. Exs. 1F, 3F)). As for the ALJ's statement that Dr. Mheir "only examined the claimant on one occasion," this, too, is proper analysis under the regulations. "Length of the treatment relationship" and "[f]requency of examinations" are issues under the "[r]elationship with the claimant" factor in a persuasiveness analysis that "may help demonstrate whether a medical source has a longitudinal understanding of [a claimant's] impairment(s)." 20 C.F.R. § 404.1520c(c)(3). While this factor does not need to be addressed like supportability

and consistency do, it is nevertheless relevant to the ALJ's determination and supports his finding that Dr. Mheir's opinion is unpersuasive.

### C. Plaintiff's Subjective Complaints

Finally, Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's subjective symptom complaints. Specifically, Plaintiff argues that the ALJ failed to consider her daily activities, work history, and lack of resources to seek healthcare in making his credibility determination. Defendant responds that the ALJ properly considered all record evidence, including Plaintiff's ability to work with her impairments, her work cessation unrelated to her impairments, the paucity of her treatment, and her reliance on conservative care (Doc. 13, at 12).

In determining the extent to which symptoms, such as pain, affect a claimant's ability to perform basic work activities, ALJs consider a claimant's statements about the intensity, persistence, and limiting effects of their symptoms in relation to the objective medical and other evidence. 20 C.F.R. § 404.1529(c)(4). Factors relevant to a claimant's symptoms include the following: daily activities; location, duration, frequency, and intensity of pain; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of any medication taken; treatment, other than medication, received for relief of pain or other symptoms; any other measures used to relieve pain; and other factors concerning functional limitations and restrictions due to pain or other symptoms. *Id.* §§ 404.1529(c)(3)(i)–(vii). If the ALJ discredits a claimant's subjective symptom complaints, they "must articulate explicit and adequate reasons" for doing so. *Hale v. Bowen*, 831 F.2d 1007,

1011 (11th Cir. 1987). When a court reviews an ALJ's decision to discredit such testimony, "the question is not . . . whether [the] ALJ could have reasonably credited his testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms but noted that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" (Tr. 15). In finding claimant's statements "inconsistent with the evidence," the ALJ noted several inconsistencies: Plaintiff continued to work after the motor vehicle accidents that allegedly caused her disabling neck and back pain; Plaintiff stopped working due to a "scary incident that occurred while working at night alone"; Plaintiff did not seek treatment for her pain after the alleged onset date; Plaintiff, except on one occasion, has had normal gait, strength, and sensation; and Plaintiff has not exhausted all resources available to individuals who cannot afford medical treatment or medications (Tr. 17).

Plaintiff's first assignment of error is that the ALJ failed to discuss Plaintiff's work history and daily living activities. Although "information about [a claimant's] prior work record" is listed as a consideration in evaluating a claimant's credibility, "'the Eleventh Circuit has not had occasion to rule on the issue' of whether an ALJ's failure to consider a claimant's 'lengthy and consistent work record' in evaluating a claimant's credibility is erroneous." *Mahon v. Comm'r of Soc. Sec.*, No. 8:16-CV-1462-

T-JSS, 2017 WL 3381714, at *10 (M.D. Fla. Aug. 7, 2017) (citing *Lafond v. Comm'r of Soc. Sec.*, No. 6:14-CV-1001-ORL-DAB, 2015 WL 4076943, at *9 (M.D. Fla. July 2, 2015)). In the absence of binding precedent on the issue, "other district courts within the Eleventh Circuit . . . have found no reversible error where the ALJ did not specifically discuss the claimant's work history in the credibility analysis." *Brown v. Kijakazi*, No. 3:20-CV-944-JTA, 2023 WL 2669056, at *9 (M.D. Ala. Mar. 28, 2023) (collecting cases); *see, e.g.*, *Neff v. Saul*, No. 8:18-cv-3040-T-SPF, 2020 WL 1181952, at *5–6 (M.D. Fla. Mar. 12, 2020) (finding no reversible error where ALJ did not specifically discuss plaintiff's work history in his credibility analysis); *Henley v. Comm'r of Soc. Sec.*, No. 8:19-cv-3011-T-MAP, 2021 WL 321503, at *6 (M.D. Fla. Feb. 1, 2021) (finding no error in ALJ's credibility analysis despite not explicitly discussing plaintiff's work history); *Sickmiller v. Saul*, No. 8:19-cv-3087-SPF, 2021 WL 1186846, at *7 (M.D. Fla. Mar. 30, 2021) ("in reaching his credibility determination, the ALJ applied the correct legal standards and his findings are supported by substantial evidence ... although the ALJ did not specifically discuss Plaintiff's work history in his credibility analysis"); *Coleman v. Astrue*, No. 8:11-CV-1783-T-TGW, 2012 WL 3231074, at *5 (M.D. Fla. Aug. 6, 2012) (finding "the administrative law judge's credibility determination is not deficient because she did not discuss the plaintiff's work record in the course of that determination").

Here, although the ALJ did not explicitly discuss Plaintiff's work history in his assessment of Plaintiff's subjective complaints, he considered Plaintiff's prior work record by considering her earnings records as part of the administrative record

(Tr. 210–49) and determining that Plaintiff's past work in the record (Tr. 58) did not qualify as past relevant work (Tr. 19). Consideration of a claimant's work record outside of the context of the credibility analysis satisfies the requirements of 20 C.F.R. § 404.1529(c)(3). *See, e.g.*, *Sickmiller*, 2021 WL 1186846, at *7 (finding that the ALJ adequately considered the claimant's work history where the ALJ elicited testimony from the claimant and a vocational expert about her past relevant work and included her earnings record in the administrative record). As for Plaintiff's contention that the ALJ ignored the evidence favorable to Plaintiff that she was limited to only sporadic daily living activities, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (quotation and brackets omitted). Even without discussion of work history or daily living activities, the ALJ's decision is not a broad rejection and provides ample support from the record for his determination that Plaintiff's statements were inconsistent with the evidence.

Plaintiff also challenges the ALJ's discussion of Plaintiff's failure to seek further treatment for her pain (Tr. 17). Under the relevant regulations, "if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged

intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record." SSR 16-3p. When considering the individual's treatment history, the Commissioner considers whether "[a]n individual may not be able to afford treatment and may not have access to free or low-cost medical services." *Id.* Here, the ALJ considered Plaintiff's limited resources and considered her failure to search for free or low-cost alternatives as outlined in SSR 16-3p.

Beyond Plaintiff's specific assignments of error, her general argument that the ALJ's evaluation of her statements is conclusory and inapt is without merit. The ALJ cited ample relevant evidence to support his conclusion that the record is inconsistent with Plaintiff's statements. In addition to her failure to seek medical treatment outlined above, the ALJ also noted Plaintiff continuing to work through her motor vehicle accidents, her reasons for leaving work that were unrelated to her impairments, and her history of conservative care that did not require surgery (Tr. 17).

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Defendant and close the case.

DONE AND ORDERED in Tampa, Florida, on this 10th day of August 2026.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record